68　97<br>p103　204

Hannah M. Tarr, administratrix of Thomas S. Tarr, *vs.*
George W. Smith.

Sagadahoc.　Decided March 7, 1878.

*Exceptions.*

An exception to the admission of incompetent evidence will not be sustained unless the excepting party is thereby aggrieved.

*Thus:* Where, in a trial, the statement of a third person was improperly admitted in evidence against objection, an exception was taken, and he was subsequently called as a witness by the excepting party and testified to the truth of the statement, which was not afterwards controverted; the exception was not sustained.

On exceptions and motion.

Replevin of goods, obtained by one Morton, a retail dealer of Lisbon, of the plaintiff's intestate, a wholesale dealer of Lewiston, on the ground that they were obtained through the fraudulent representations of Morton. The plea was *non cepit*, with a brief statement that the goods were the property of one Joseph G. Morton, and held by the defendant as deputy sheriff on certain writs.

A witness called by the plaintiff was allowed, against the

defendant's objection, to relate a conversation he had with Morton about the time of the commencement of the replevin suit and after the attachments, the substance of which was that Morton said the whole amount of his indebtedness was about $700 at the time he purchased the goods in question.

Morton was afterwards called as a witness by the defendant, and testified on cross-examination to items of his then indebtedness which amounted in the aggregate to $787.

The verdict was for the plaintiff, with damages assessed at $269.45. The plaintiff offered to remit the damages except one dollar. The defendant alleged exceptions.

*J. W. Spaulding, F. J. Buker & J. Millay,* for the defendant, contended though the admissions of Morton, made before attachment, were admissible, on the ground that they were in disparagement of his own title and no other rights had intervened, yet after the attachment and other rights had intervened, his admissions were not admissible to affect their rights, and cited 1 Greenl. Ev., § 180. *Bartlet* v. *Delprat,* 4 Mass. 702. *Clarke* v. *Waite,* 12 Mass. 439. *Bridge* v. *Eggleston,* 14 Mass. 245. *Spencer* v. *Godwin,* 30 Ala. 355. *Tapley* v. *Forbes,* 2 Allen, 20. *Wesson* v. *Washburn Iron Co.,* 13 Allen, 95, 99. *Lyman* v. *Gipson,* 18 Pick. 422, 425. *Horrigan* v. *Wright,* 4 Allen, 514. *Gilligham* v. *Tebbetts,* 33 Maine, 360. *Savery* v. *Spaulding,* 8 Iowa, 239.

In cases like this such declarations made even before the attachment have been held not admissible. *Hines* v. *Soule,* 14 Vt. 99.

*L. H. Hutchinson & A. R. Savage,* for the plaintiff.

LIBBEY, J. This is replevin by which the plaintiff seeks to reclaim goods which she alleges one Morton obtained from her intestate by fraudulent representations in regard to his property and indebtedness. The defendant claims to hold the goods by virtue of an attachment made by him as deputy sheriff, on a writ against Morton. The plaintiff had introduced evidence of the representations made by Morton when he purchased the goods, as to the amount of his property and liabilities. For the purpose of showing his representations as to the amount of his indebtedness

to be false, she offered evidence of the admissions of Morton, made to the agent of her intestate after the attachment of the goods by the defendant. This evidence was objected to but admitted; we think it was inadmissible. It is true that the defendant is not a *bona fide* purchaser, nor is he entitled to the rights of one. As an attaching officer he represents Morton's title, and has no greater rights as against the plaintiff than Morton had. *Jordan* v. *Parker*, 56 Maine, 557. But he, nevertheless, represents the lien created by the attachment in favor of the attaching creditor, upon the title of Morton as against him; and after the lien was created, it was not competent for Morton to defeat it by admissions tending to show that he had no title, but that the title was in the plaintiff. We find no authority that affirms the admissibility of such evidence. The case is similar in principle to an action against an assignee in bankruptcy, to try the title to property claimed by him as a part of the assets of the bankrupt. In such case the assignee represents the title of the bankrupt, but he holds that title for the creditors, and the declarations of the bankrupt affecting such title, made after his bankruptcy, are inadmissible. 1 Greenl. Ev., § 180, and cases cited in note. In *Carnes* v. *White*, 15 Gray, 378, the declarations of the insolvent debtor affecting the title, made after the defendant acquired his title, but before the petition in insolvency was filed, were offered by the defendant and excluded by Shaw, C. J., but the court held them admissible against the assignees, solely on the ground that they were made before the commencement of the proceedings in insolvency.

*Strong* v. *Wheeler*, 5 Pick. 410, and *Lambert* v. *Craig*, 12 Pick. 199, are unlike the case at bar. The issue to be determined in those cases was not one of title to property attached, but was whether the first attaching creditor was entitled to recover against the defendant. The court held that upon that issue the second attaching creditor, who had been admitted to defend, represented the defendant, and the same rules of evidence applied to the case that would apply if the defendant himself was defending.

But the defendant was not aggrieved by the admission of the evidence. Morton was in court and was called by him as a wit-

ness, and testified to his indebtedness at the time he purchased the goods in suit, stating it to have been larger than his admissions, which had been admitted, tended to show it. The admissions of Morton were more favorable to the defendant than his evidence in court, and the question of his indebtedness ceased to be a matter in controversy between the parties. *Whittier* v. *Vose*, 16 Maine, 403. , *Tapley* v. *Forbes*, 2 Allen, 20.

The issue before the jury was whether Morton procured the goods by fraud. There was evidence tending both ways, but upon the whole we think it sufficient to authorize the verdict.

*Exceptions and motion overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.